# 1:19-CV-3673

## CIVIL RIGHTS COMPLAINT PURSUANT TO 28 U.S.C. § 1331
### (Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 14 2019

JAMES N. HATTEN, Clerk

By _____ Deputy Clerk

CURTIS LEE SMITH

(Enter above the full name and prisoner identification number of the plaintiff.)

-vs-

WARDEN-WOOD; WARDEN-HARMON;
V. MORENO-Assistance Warden;
CARMEN GALINDO; ANGEL ORTIZ;
DAWSON; HILL; JONES; CORDONA;
TOLBERT; and TOLIVER

(Enter above the full name of the defendant(s).)

I.   **Previous Lawsuits**

   A.   Have you filed any other lawsuits in federal court while incarcerated in any institution?

   Yes (X)      No ( )

   B.   If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, providing the same information as requested below.)

   1.   Parties to this previous lawsuit:

   Plaintiff(s):   Curtis Lee Smith

   Defendant(s):   Warden Wood; Warden Harmon; Assistance Warden-V. Moreno; Galindo; Ortiz; Dawson; Jones; Hill; Toliver; **Cordona**; and **Tolbert**

   2.   Court (name the federal court and the district):   UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA - ATLANTA DIVISION

   3.   Docket Number:   (1:17-CV-330-TCB-JSA) and (1:17-CV-979-TCB).

## I.    Previous Lawsuits

A.    Plaintiff Curis Lee Smith, has filed **13** other lawsuits in federal court while incarcerated in any institution...

### B.    Parties to the previous lawsuits

1.    1. Curtis Smith v. U.S. Department of Justice, United States Marshal Services, et al., see, 2009 U.S. Dist. LEXIS 43546.

2. United States District Court for the Central District of Illinois, Urbana Division

3. Case No. 07-CV-2216.

4. Michael P. McCuskey, Chief Judge.

5. This case involved some of the same fact(s)

6. Disposition: case dismissed without prejudice, in part, and dismissed with prejudice in part.

7. May 22, 2009 Filed              8. May 22, 2009 Decided.


2.    1. Curtis Smith v. Susan S. Kister

2. United States District Court, Northern District of Illinois

3. Case No. 09-CV-6626.

4. Matthew F. Kennlly, Judge.

5. This case did not involve the same fact.

6. Disposition: case dismissed on initial review for failure to state a claim.

7. November 10, 2009, Filed.        8. November 23, 2009, decided.


3.    1. Curtis Smith v. Michael Finn.

2. United States District Court, Northern District of Illinois.

3. Case No. 09-CV-6627.

4. Matthew F. Kennelly, Judge.

5. This case did not involve the same facts.

6. The case was dismissed on initial review for failure to state a claim.

7. November 10, 2009.              8. November 23, 2009, decided.

I     Previous Lawsuits (Cont'd)

4.     1.  Curtis Smith v. Jack I. Rodgon.
       2.  United States District Court, Northern District of Illinoin.
       3.  Case No. 09-CV-6623.
       4.  David H. Coar, Judge.
       5.  This case did not involve the same facts.
       6.  This case was dismissed on initial review for failure to state a
           claim  - lack of subject matter jurisdiction.
       7.  November 4, 2009 filed.        8. November 23, 2009.


5.     1.  Curtis Smith v. Tomasks, et al.,
       2.  United States District Court, Northern District of Illinois.
       3.  Case No. 07-CV-5794.
       4.  Ronald Guzman, Judge.
       5.  This case did not involved the same facts.
       6.  The case was dismissed without prejudice, the court could not find
           ground for relief.
       7.  Octover 12, 2007, Filed.        8. March 23, 2008.


6.     1.  Curtis Smith v. William J. Hibbler.
       2.  United States District Court, Northern district of Illinois.
       3.  Case No. 07-CV-5793
       4.  William J. Hibbler, Judge.
       5.  This case did not involve the same facts.
       6.  Case was dismised with prejudice.
       7.  October 12, 2007, Filed.        8. N/A.


7.     1.  Curtis Smith v. United States Department of Justice, et al., United
           States Bureau of prisons' FCI-Elkton, Ohio.
       2.  United States District Court, Northern District of Illinois. Ohio
       3.  Case No. 09-CV-2565.
       4.  John R. Adams, Judge
       5.  The case involved the same facts.
       6.  The case was dismisse without prejudice.
       7,  April 12, 2012, Filed        8. April 12, 2012, decided.


3

I   **Previous Lawsuits (Cont'd)**

8.  1. Smith v. United States Bureau of Prisons, et al.

    2. United  States District Court, Middle District of Pennsylvania.

    3. Case No. 11-CV-312

    4. Yvette Kane, Chief Judge.

    5. The case in Eighth and Fourteenth Amendments violations

    6. The case was dismissed. Failure to file a timely Brief.

    7. February 15, 2011 filed.   8. March of 2011 decided.

9.  1. Smith v. United States Bureau of Prisons, and Charles E. Samuals, et al.

    2. United States District Court, Middle District of Pennsylvania.

    3. Case No. 12-CV-524

    4. William J. Nealon, Judge.

    5. The case involved Eighth and Fourteenth Amendments violations

    6. The case was dismissed.

    7. April 3, 2012 filed.         8. April 10, 2012 decided.

10. 1. Smith v. Hollinger, Martin and Winston, et al.

    2. United States District Court, Northern District of Georgia, Atlanta Division

    3. Case No. 1:13-CV-752-TCB-JSA

    4. Timothy C. Batten, Judge.

    5. Case involved First, Eighth, and Fourteenth Amendments violations.

    6. Case was dismissed without prejudice. Failure to pay filing fee.

    7. March 7, 2013 filed.         8. July 10, 2013 Dismissed.

11. 1. Smith v. Cordona, and Martin, et al.,
    2. United States District Court, Northern District of Georgia, Atlanta Division
    3. Case No. 1:16-CV-1567-TCB-JSA
    4. Timothy C. Batten, Judge.
    5. Case involved discontinued Mr. Smith's Gabapentin medication without probable
       cause, by not giving him a medical examination, prior to discontinuing meds.
    6. Case was dismissed without prejudice. Failure to pay $400.00 filing fee.
    7. April 4, 2016.               8. July 15, 2016.

I   **Previous Lawsuits (Cont'd)**

12.   1.   Smith v. Coleman, et al.,

2.   United States District Court – Northern District of Georgia – Atlanta

3.   Case No. 1-17-CV-979-TCB-JSA

4.   Timothy C. Batten, Sr., United States District Court Judge.

5.   The case involved First, Eighth, and Fourteenth Amendments violations

6.   The case was dismissed **without prejudice,** for failure to pay filing fee.

7.   March 14, 2017, filed.        8. May 12, 2017, dismissed without prejudice

13.   1.   Smith v. Warden Harmon, et al.,

2.   United States District Court–Northern District of Georgia – Atlanta Division

3.   Case No. 1:19-CV-330-TCB-JSA

4.   Timothy C. Batten, Sr., United States District Court Judge.

5.   The case involves First, Eighth, and Fourteenth Amendments violation("s").

6.   The case was dismissed **without prejudice,** for failure to pay filing fee.

7.   January 23, 2019, filed.      8. February 19, 2019, dismissed **without prejudice.**

I.    **Previous Lawsuits (Cont'd)**

4.    Name of judge to whom case was assigned:   Timothy C. Batten, Sr.

5.    Did the previous case involve the same facts?

Yes (X)      No ( )

6.    Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
The case("s") were dismissed **without prejudice,** because
I did not have $400.00 filing fee, at the time of filing claim.

7.    Approximate date of filing lawsuit:   (March 14, 2017) and (January 23, 2019)

8.    Approximate date of disposition:   (May 12, 2017) and (February 19, 2019)

II.   **Exhaustion of Administrative Remedies**
**Pursuant to 28 U.S.C. § 1997e(a), no prisoner civil rights action shall be brought in federal court until all available administrative remedies are exhausted.   Exhaustion of administrative remedies is a precondition to suit, and the prisoner plaintiff must establish that he has exhausted the entire institutional grievance procedure in order to state a claim for relief.**

A.    Place of Present Confinement:   United States Penitentiary Atlanta

B.    Is there a prisoner grievance procedure in this institution?

Yes (X)      No ( )

C.    Did you present the facts relating to your complaint to the Bureau of Prisons through its three-step administrative remedy procedure?

Yes (X)      No ( )

D.    If your answer is YES:
1.    What were the results?
a    Informal resolution and submission of a formal written Administrative Remedy Request (BP-9):   (#939059-F1, filed on or about
August 3, 2018).

b.    Appeal to the Regional Director (BP-10):   N/A, because prison
official still **have not returned BP-9,** and also prison
official still **have not responded to BP-9, #939059-F1,** as
of to - day: August 2, 2019.

II.    **Exhaustion of Administrative Remedies (Cont'd)**

      c.    Appeal to the General Counsel (BP-11):  `N/A, because prison official` `still have not responded to BP-9, #939059-F1.`

      2.    If your answer is NO, explain why not:  `Here, after ("12-months") prison` `official still have not returned BP-9, and prison official still` `have not responded to BP-9, #939059-F1 as of to-day: August 2, 2019).`

III.    **Parties**
(In item A below, place your name in the first blank and place your present address in the second blank.)

    A.    Name of Plaintiff:    `Curtis Lee Smith`

    Address:    `United States Penitentiary Atlanta, P.O. Box 150160,` `Atlanta, Georgia 30315`

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank.) Do the same for each additional defendant, if any.)

    B.    Defendant(s): `(Galindo, Central Office Pharmacist)(Ortiz, Central Office` `Physician); and Wood; Harmon; Moreno; Dawson; Jones; Hill; and Toliver`
      Employed as    `United States Penitentiary Atlanta's prison administrative` `staff member employees.`
      at `USP-ATLANTA, P.O. Box 150160, Atlanta, Georgia 30315`

IV.    **Statement of Claim**
State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. On **October 17, 2016** Central Office Pharmacist, **Carmen Galindo**, RPh Regional Chief Pharmacist took action to discontinue Smith's Gabapentin("Neurontin, 600 mg) medication without probable cause. Defendant **Galindo** states: "previous recommendation not followed; wuggest tapering and start tx with duloxetine." (Id., at United States Department of Justice's Non-Formulary drug Authorization form)... **Note:** Defendant made its recommendation to discontinue Plaintiff Smith's Neurontin 600mg. medication, **without** his knowledge or permission. Smith had never been examined, nor, seen by Defendant **Galindo**, prior to defendant's deliberate indifference action, as to discontinue his Neurontin medication. (Id., Plaintiff Smith filed informal complaint regarding his medication being delayed and discontinued. see, BOP's TruIincs 19000- 424 - Smith Curtis - Unit: ATL-B-A: From: Health Services: Subject: Re: Inmate to Staff Message. Dated: 10/14/2016 - 01:47:03 p.m.., and again on 12/07/2016 -09:02: 02 a.m.);(see also, **Exhibit(s) 1,2,3,4,5,6,7,8)**...

IV.        Statement of Claim (Cont'd)

2.    On **October 18, 2016,** Central Office Physician, **Angel Ortiz,** MD/SERO Medical, took action to approve the above-aforementioned Defendant**("s")** action by discon-tinuing Plaintiff Smith's Neurontin 600mg, medication **without** even knowing the fact, that Plaintiff Smith was  never given a medical examination, to determine whether Smith wanted to be tapered off the Neurontin 600 mg. medication. On **October 14, 2016,** Plaintiff Smith, filed an Informal complaint, regarding the delay in re-filling  his Neurontin medication, and he also, filed a complaint on **December 7, 2016,** regarding he discontinuation of his Neurontin 600 mg., medication. (Id., at **Inmate to Staff Massage**)(see also, Plaintiff's attached copy of Administrative Remedy Informal Reso-lution form – dated 12/02/2016; and copy of BP-9; and copy of Inmate Sick Call form, dated: December 2, 2016)(see, **Exhibit("s") 1,2,3,4,5**)(Id., at **Smith v. Coleman,** case 1:17-CV-979-TCB-JSA., (N.D. Georgia 2017).

3.    From **January(2018),** through **January(2019),** Defendant, **Warden Harmon,** did knowingly deprived Plaintiff Smith of adequate time and opportunity to access the prison's Law Library, thereby violating Smith's **First Amendment rights,** as to **Freedom of Speech** – to properly access the court. (Id., at **BP-9, #940327-Fl),** here, there is evidence in the record that show, that the prison official, Defendant **Toliver,**("B-Unit Manager"), had **refused** to provide Plaintiff Smith with a **["BP-10"],** in order to file grievance. again from **December 26, 2018,** through **January 11, 2019,** Plaintiff Smith, was not able to get any U.S. Postage Stamps from Defendant **Toliver.** Smith have really needed those Postage Stamps at that point in time, in order for him to properly file his response to the United States Court of Appeals for teh Seventh Circuit. But, however on **January 8, 2019,** the assistance Warden **Mecklenburg,** told Plaintiff Smith, to get stamps from **Toliver.** Again, on **January 9, 2019,** assistance Warden **Bowers,** told Smith to give his **["Inmate Request to Staff form"]** requesting postage stamps to **"Toliver".** Here, from **January 8** and **9, 2019,** Plaintiff Smith, asking – attempting to get postage stamps from Defendant **Toliver,** but, **Toliver** had **refused** to provide Smith with any stamps, and then returned Smith's Inmate Request to Staff form, – saying that **["only the Warden, or assistance warden Bowers, can authorize that"].** (Id.). There is evidence in the record showing that **["Toliver"]** did knowingly, violated Smith's First Amendment Rights  of **Freedom of Speech to access the court.** Now, as of to-day, **["August 1, 2019"],** the Plaintiff Smith,  was still on **illegal modified lock down. Note:** That on 2 **different occasions** defendant **Harmon,** had posted his **['inmate's future punishment'] Warning Warden's notifications regarding disruptive and assaultive behavior,** filed or or about, **April 13, 2018;** and again, on or about, **December 26, 2018.** (Id., see, **Exhibit(s) 9,10,31).**

4.    From **2018** through **2019,** Defendant **Harmon,** is guilty of conducting **["mass"** and or **"Group Punishment"],**  He have punished Smith and other prisoners for criminal acts committed by **other individuals** on numerous occasions different from each other. Here, **Warden Harmon,** place Plaintiff Smith and the entire prison population on **["modified lock-down']** conditions for almost the  entire year of **2018** and **2019,** without any probable cause. Defendant **Harmon,** still have Plaintiff smith living in deplorable conditions, by housing Smith in a **['3 man – triple – stacked bunk bed'],** and **Warden Harmon,** had all cleaning supply and broom removed from Smith's cell, during modified lock down. Therefore, **Harmon** had also, deprived Plaintiff Smith of cleaning supplies and broom to properly clean his cell. Warden **Harmon,** only allowed Smith to receive **one roll of toilet paper,** per week. Here, there is evidence in Smith's medical record that he suffer **chronic diarrhea.** therefore, one roll of toilet paper is not enough. **Harmon** is guilty of violating Smith's  **Eighth** Amendment Rights, because it is cruel and unusual punishment, because Smith have to use his hands to wipe his but with after all the toilet paper was gone.

5.   Defendant **Dawson,** (Id., at Administrative Remedy Request **BP-9,#939059-F1),** here **Dawson's** deliberate indifference action caused Plainitiff Smith's chronic pain and suffering old juries to become worst, because **Dawson** made Smith move in a dangerous bunk bed, which caused Plaintiff Smith to fall out of **upper bunk bed,** which cause Smith to fall out of bunk bed, and suffered serious juries. On **January 3, 2018,** the defendant **Dawson,** failure to order inmate [Bobby Pringle, BOP. Reg. No. 13705-104, to move out of the **['lowest Bunk bed possible,** (Id., See, Bureau of Prisons Health Services Medical Duty Status Sheet(2017 Through 2019)'].** Now, the lowest bunk bed possible, was assigned to Plaintiff Smith, before he even made it to B-unit, cell 132, on December 19, 2017. Defendant **Dawson,** refused to order inmate **Pringle,** to move out of the lowest bunk bed possible, which was  lawfully assigned to Plaintiff Smith. **Dawson,** instead order Smith to get in the upper middle bunk bed - **["or - go - the - SHU"].** Defendant **Dawson,** ordered Smith, to move up into the upper middle bunk bed, even after Smith having showed his BOP. Health Services Medical Duty Status Sheet, where it 'plainly' and 'clearly' says **["no climbing"** and **"no ladders"].** Here, as a direct result of defendant **Dawson's** action of ordering Plaintiff Smith to get in upper middle bunk bed, instead of ordering inmate **Pringle,** to get out of the **lowest bunk bed possible,** which evidence in the record show that Smith, was actually assigned to the **['lowest bunk bed possible']** in which, the inmate **Pringle** was ["illegally"] in Smith's assigned bunk, and Pringle refused to move out of Smith's assigned **["Bl-132 lowest bunk bed possible"]** cell. **Dawson's** failure to make **Pringle** go to his assigned **["Bl-132's  upper middle bunk bed"].**(Id., Atlanta USP, Change Sheet, Call-out, for **December 21, 2017,** show that he was assigned to **Bl-132L).** when he came back to Bl-unit. (Id., see, **Exhibit(s) 12,** and 13). **Dawson's** deliberate indifference, of not demanding inmate Pringle, to move out of Smith's **Bl-132Lowest bunk bed possible,** was the direct result of Plaintiff Smith falling down off the ladder while he was getting down, out of the upper middle bunk bed that he was**["ordered to move in or go to the SHU"]** by Defendant **Dawson.** Plaintiff Smith suffered pain from multiple injuries to his right hand; right elbow; and re-damaged his lower back spinal column area, as well. (Id., at Atlanta USP, Call-out, on **January 22, 2018,** - **Exhibit #14)** Hospital X-Ray, show Plaintiff Smith, having **['fractured bone in his elbow'].** Which Plaintiff Smith, told Dr. Martin, that he was still in extreme pain and suffering from injuries to his right elbow, and injuries to his lower back spinal column, (Id., at **Exhibit #15),** and Smith told Dr. Martin, that the medication that he was getting for pain - was - **not working,** to stop his pain. (Id., at **Exhibit(s) #16,29,30)**

6.   From **2017** through **2019,** Defendant **Jones,** Trust Fund Supervisor, is guilty of doing **("mass"** and or **"Group Punishment"** on Smith and other prisoner at USP-ATLANTA, by not opening the inmate's  commissary when we are not on **["modified lock down"]** condition. Even limiting the amount of food and coffee items that Smith could buy. **Jones,** told Smith, that this was done, in order to **["maximize the punishment"],** in order for Smith and the other prisons would  feel the full affect of the modified lock down without enough food to eat and hundry. and, in addition, when Smith was allowed to come off modified lock down, he was only allowed to purchase **["hygiene** and **Stamps"].**  Here, Defendant **Jones,** have punished the entire prisoner population, by not allowing inmate to purchase ["ice cream"], because there were **["empty ice cream"]** containers laying on the ground.  Defendant **Jones's** deliberate indifference actions have deprive  Smith access to the courts, because in **December (2018),** Plaintiff Smith was not able to buy, and or purchase any United States Postage Stamps. Because **Jones'** failure to shock the inmate's  commissary with U.S. Postage Stamps. On **January 22, 2019,** Smith told **Jones** that he was going to file a grievance and a civil right law suit against her and Warden **Harmon,** for punishing him with modified lock down, without enough food to eat. Defendant **Jones,** told Smith, "I don't care! Write it up! Because as long as **["ya'll"]** keep acting up, yall will stay on modified lock down. (Id., at case: 1:19-CV-330-TCB, p. 4).

7.    From **2018** through **2019**, Officer **Hill**, food supervisor, provided Plaintiff Smith with grossly inadequate  food. **Hill**, provided Smith with nasty food service from kitchen, while under **["illegaly modified lock down"]**, was served in staroform tray - sometime with molded bread mixed in with food. **Note:** On **July 21, 2019**, Plaintiff Smith, received tray with molded bread, he show it to the Officer In Charge, Officer Fox.   The Defendant **Hill**, provided Plaintiff Smith, with insufficient amount of food during the illegal modified lock down, which is the direct cause of Smith loosing about 20 pounds. **Note:**  In **2017** through **2018**, Plaintiff Smith weighed about **230 pounds.** Now, as of to - day **August 5, 2019**, after Smith  came off the illegal modified lock down, Smith weigh **206 pounds.** Based on evidence in the record, Smith lost **24 pounds** on illegal modified lock down, because defendant **Hill,** did not provide Smith with enough food during lock down condition at  the United States Penitentiary Atlanta, from **2018** through **2019**

8.    Plaintiff Smith's rights to access to courts have been infriged upon by the Defendant **Officer Holley,** Defendant **Holley** have denied Smith of adequate time and or opportunity to access the law library from **2016** through **2019.** Defendant **Holley** deprived Plaintiff Smith of his ["TENS-unit"] medical supply issue[d] three 9-volt batteries.  On **April 18, 2018,** Plaintiff Smith filed BP-9, Request for Administrative Remedy, seeking relief from Defendant **Holley's** failure to call 10-minute move for the prison's Law Library for approximateily 4.5 month, since **December of 2017** through **April 16, 2018,** Defendant **Holley** told Smith that he ["was going to lock him up in the SHU],**Holley,** told Smith, ["inmate report back to your housing unit"]. Plaintiff Smith, states that he told **Holley,** ["Say, **Holley,** Lieutenant **Hollis,** told us to tell you that it was Okay, for us to go to the law library, on our cold days off from our work detail. Because **Lieutenant Hollis,** says he is going to call the law library move himself in a few minutes anyway."]. The Defendant **Holley,** told Plaintiff Smith, ["I don't care what **Lieutenant Hollis**  told you -

10

**IV.**       **Statement of Claim (Cont'd)**

I'm telling you to go back up there to your cell -- on your unit inmate - or
I'm going to send you to the ["SHU"]!! **Note:** Plaintiff Smith, filed a medical
complaint, to Ms. Hollinger, (Health Service Supervisor, explaining that Officer
**Holley,** had taken his medical supply issued three 9-volt batteries, on April 13,
2018. (Id., at Request to Staff, Curtis Smith, #19000-424, filed: May 1, 2018)
(see also, **Exhibit**(s) **17,18,19,20).** And, in addition, Defendant **Holley** said that
["the warden nor, the lieutenant, can tell him how to run his **rear quarter call
out."**]...

9.    **The** Defendants at the Central Office Administrative Remedy Appeal; and at
the Regional Administrative Remedy Appeal Office, are in a conspiracy with the
USP-ATLANTA's administrative staff employees, Cordona, Tolbert and other Unknown
Named persons, have violated Plaintiff  Smith's due process rights to file BP-9
BP-10; BP-11, grievances because the USP-ATLANTA's administrative staff employees
refused to return the**["Blue   BP-9"]** remedy form, so Smith could complete his
grievance process. (Id.,at **Central Office Administrative Remedy Appeal No.#854883-F1),**
the **Regional Director("SERO")** failure and or, refusal to return any of the carbonized
**4 blue pages** of **BP-9**  administrative Remedy Appeal No. #854883-F1; and or any other
BP-9 grievances Smith having submitted for filing, in order for him to exhaust to
fanality his claim("s"). Here, the **SERO,** is part of a conspiracy with the person(s)
here at the United States Penitentiary Atlanta. Because **SERO,** did not return the
**BP-9's carbonized 4-pages** to Plaintiff Smith. The **SERO,** is in a conspiracy with
Defendant **Cordona,** and Defendant **Tolbert**("Warden Secretary") and other **("Unknown
Named Persons")** have knowingly, and intentionally **for multiple - numerous years**
violates Plaintiff Smith, fourteenth Amendment's  due process rights to exhaust
his administrative remedy grievances. (Id., at see attached, **Exhibit**(s) 21,22,23,24).

11

**IV.      Statement of Claim (Cont'd)**

**10.    Arbitracy Group Punishment,** does violates Plaintiff Smith's Eighth Amendment

and Fourteenth Amendment, of the Constitution of the United States of America.

Here, **Warden Wood,** and **Assistance Warden, V. Moreno,** did knowingly, violated Smith's

due process rights, pursuant to Title 15 § 1083(c) 4019.5, "punishment to inmate

or group over others actions" (2011 incident). (Id., at **Request for Administrative**

**Remedy, BP-9,** submitted to K. Houston("B1-unit, Counselor") for filing on **August 1,**

**2019,** as soon as Plaintiff Smith, came off illegal modified lock down, he immediately

filed his BP-9, grievance against **Warden Wood; Assist. Warden, V. Moreno; Holley;**

**Hill; Jones;** and any other **Unknown Named Persons.** (Id., at attached **Exhibit(s)** 25,

and 26). Here, on **May 30, 2019, Warden Wood** and Assist. Warden, **Moreno,** did knowingly

and intentionally, placed Plaintiff Smith, on **["months long"] illegal modified,**

Smith was on modified lock down on **June 3, 2019,** when he submitted his **BP-8,**

informal resolution form - from Officer **Houston.** But,  however, Smith was not able

to type up, and submit his **BP-9,** Request for Administrative Remey, until  he was

off of the months long modified lock down, on or about **August 1, 2019.** (Id., see,

**Exhibit(s)** 25, and 26)... Now, on May 30, 2019, again, Plaintiff Smith was placed

on another **months long illegal modified lock down, on Unit B1, in his cell B-114,**

based upon the actions of other inmated - - Now all the other inmates which caused

the **["disrupted - interrupted the orderly operation of the prison was caught and**

**sent to the ("SHU")].** **Note:** The prisoners that caused the disruptive interruptions

of the orderly operations of the prison was immediately sent to the SHU, and those

prisoners involved in that incident did not have any relationship with Plaintiff

Smith. Therefore, it is cruel and unusual punishment, when the Warden Wood, and

Assistance Warden V. Moreno, **to lock Plaintiff Smith in his cell for months at  a**

**time, without being let out of his cell for an hour.** The defendants even took all

IV.       Statement of Claim (Cont'd)

of Smith's cleaning supplies and the broom, they took Smith's cleaning supplies

and broom, so that Smith, and the other inmates similarly situated -could live

in a nasty cell as an additional punishment. And, if that wasn't bad enough, the

defendants, punished Plaintiff Smith, again on or about, **June 4,| 2019,** by taking

away his commissary privileges, visitation privilege, and his telephone call

privilege, also. (Id., at **Exhibit**(s) 27,| **and 28)....** **Note:**  the other units

[**"A** and **D"]**'s prisoners were not under modified lock down condition for months

at  a  time.

**Abtitrary Group  punishment violates Plaintiff Smith's Eighth Amendment, as**

**incorporated by the Fourteenth Amendement of the Constitution,** based on evidence

in the record showing that the defendants Warden **Wood,** and Assistance Warden, V.

**Moreno,** and Warden **Harmon,** have violated Smith's due process rights, under Title

**15 § 1083**(c) **4019.5,** "Punishment to inmate or group of inmates, over others

actions." (2011 incident). The **Fourteenth** Amendment's **["equal Protection of the**

**law"]**  cannot treat inmates differently than others without reason...

V.    **Relief**
      State briefly exactly what you want the Court to do for you.  Make no legal arguments.  Cite
      no cases or statutes.

As a direct and proximate result of the Defendant("s") **Wood, Harmon, Moreno,Cordona,**

**Galindo, Ortiz, Dawson, Jones, Hill, Holley,** and **Toliver**'s ["deliberate indifference

actions"], and  each of them, in the amount of $5,000,000.00 million dollars,  as

aforesaid, Plaintiff Smith, has been **["injured"** and **"damaged"];** and, in addition,

his **First,** and **Eighth** Amendment, as incorporated by the **Fourteenth** Amendment of

Constitution of the United States, have been violated by the above-aforementioned

Defendant("s"), **Dawson, Galindo, Harmon, Holley, Jones, Hill, Harmon, Moreno,**

**Cordona, Tolbert,** and **Toliver.**

## V.    Relief (Cont'd)

Plaintiff Smith, respectfully requests that this Court impose a restraining order on Defendant(s)'s actions of discontinued vital medicine ("Neurontin"), based on fact, that discontinued medicine has caused physical injury to Plaintiff. Chrzanski v. Ashcroft, 327 F.3d 188, 196 (2d Cir. 2003)("Human experience suggests numerous examples of intentionally causing physical injury, without the use of force as a doctor who deliberately withholds vital medicine from a sick patient.");

As a direct and proximate result of the Defendants's deliberate indifference actions and each of them, as aforesaid, the Plaintiff Mr. Smith has been damaged in the amount of $5,000,000 million dollars.

**WHEREFORE,** Mr. Smith prays judgment against the Defendants, and each of them, in the amount of $1,000,000 million dollars, and because the acts of the Defendants were wanton, reckless and willful, Mr. Smith prays for an award of punitive damages in the amount of $10,000,000 million dollars, his costs herein expended, and for an allowance for reasonable attorney fees, and for such other and further relief as to the Court shall deem just and proper in the premises.

Signed this   **8th**   day of   **August,   2019**           ,

**Plaintiff Demands Trial**

_Signature_

Signature of Plaintiff

**STATE OF   GEORGIA**

**COUNTY (CITY) OF   ATLANTA**

I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED ON   August 8, 2019.**

(Date)

_Signature_

Signature of Plaintiff

14

PROOF OF SERVICE

I, <u>Curtis Lee Smith</u>, certify that on **August 8, 2019,** I sent a copy of

**1)** the **United States Department of Justice Federal Bureau of Prisons'**
**Request for Withdrawal of Inmate's Personal funds;** and **2)** the **Movnat Smith's**
**Civil Rights Complaint pursuant to 28 U.S.C. § 1331,' Bivens' action lawsuit form,**
to the district court  Clerk, to send copy - via - CM/ECF system, to the United
States Attorney's Office, at the United States District Court for the Northern
District of Georgia, Atlanta Division, 75 Ted Turner Drive, S.W., Atlanta, GA
30315, by placing it in the mail at the USP-ATLANTA, P.O. Box 150160, Atlnata,
Georgia 30315.

Submitted,

*Curtis Lee Smith*

Curtis Lee Smith
BOP. Reg. No. 19000-424

## Pagina de Informacion para vista de enfermo

Date:/Fecha: December 2, 2016

Name:/Nombre: CURTIS LEE SMITH          Reg #:/ Numero de Registro 19000-424

Unit:/Unidad:  B1-133          WorkAssignment:/trabajo asignado Studium

What is your medical problem?/  I need to get Re-fill of Gabapentin 600 mg. medication.
Cuales son sus problemas medicos?

NOTICE: on November 17, 2016, I was seen by the medical staff nurse, regarding
re-fill of Gabapentin 600 mg. medication. I was charged $2.00 for that
visit, in order for me to get chronic care Gabapentin meds re-filled. But,
however, I found out on December 1, 2016, that the nurse did not do the proper
procedure to re-fill meds. I was told my Gabapentin meds was discontinued by the
Regional Director, — he is not a doctor, so he don't have the legal authority to

History of Medical Problems; *(Please check)/*Historia de problemas medicos: (por favor marque)

discontinue my medication. Be advised, I have filed a Civil Action Law Suit against USP-ATLANTA and the Regiional Director person who gave that illegal order to discontinue meds needed for my nevre pain and suffering!!

____ Cardiac/Cardiaco          ____ High Blood Pressure/Alta Pression Arterial
____ Immunocompromised/        ____ High Cholesterol/Colesterol Elevado
     Immunidad compremetida
____ Asthma/Asma               ____ Hepatitis/Hepatitis

Do you have a history of Mental Health problems? ___ Yes    ___ No
Tiene historia de problemas mentales?              ___ Si    ___ No

How long have you had your current medical problem?
Desde cuando ha tenido su problemas medico?
____ Hours        ____ Days        ____ Months        ____ Years
____ Horas        ____ Dias        ____ Meses         ____ Años

Are you currently taking any medication?  ___ Yes  ___ No
Actualmente, esta usando alguna medicina    ___ Si    ___ No

*Please List the medication:/Por favor haga una lista de sus medicinas:* _____

_____

Inmate Signature/Firma de Recluso:        *Curtis Lee Smith*
                                          CURTIS LEE SMITH

_____

### FOR STAFF USE ONLY

Vital Signs (as clinically indicated):BP_____ Pulse____ Temp____ Resp__ SPo2_____

BEMR Scheduled Sickcall Date: _____    BEMR Scheduled CCC date (if any):_____

Staff Member Signature:  NoTice: Plaintiff Mr. Smith was interviewed by USP-Atlanta—
Stamp:  Health Services Administrative Director Ms. T. Hollinger, on 12/2/2016,
Hollinger, provided Plaintiff with copy of BOP's Non-Formulary drug
authorization Form ("Exhibit 2")

Sensitive but Unclassified          Revised 01-15-2013

┌─────────────────┐
│   EXHIBIT 1     │
└─────────────────┘

BP-S802.060
FEB 05

**NON-FORMULARY DRUG AUTHORIZATION**

CDFRM

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| **Patient name:** SMITH, CURTIS | **Register number:** 19000-424 |
| **Requestor:** Coleman, Stanley ARNP | **Institution:** ATLANTA USP |
| **Drug requested:** Gabapentin 600 MG Tab  [Neurontin] | **Drug approved:** Gabapentin 600 MG Tab  [Neurontin] |

**Dose and Regimen:**
1200 mg PO BID x 180 days.

| | |
|---|---|
| **Date requested:** 10/07/2016 | **Expiration of order:** 11/30/2016 |

**Diagnosis:**
Nerve Damage in lower back

**Reason(s) why formulary agent(s) cannot be used:**
**Previously Approved till 10/05/2016**
Previous medication ineffective at controlling low back Pain.
**Formulary agent(s) tried:**

**Cost of therapy:**                              **Cost of formulary agent:**

| | Action taken: | Date: |
|---|---|---|
| **Institutional Chief Pharmacist:** Holt, Walter PharmD | Refer up | 10/14/2016 |
| **Comments:** | | |
| **Institution Clinical Director:** Martin, D. MD/CD | Refer up | 10/17/2016 |
| **Comments:** | | |
| **Central Office Pharmacist:** Galindo, Carmen RPh Regional Chief Pharmacist | Refer up | 10/17/2016 |
| **Comments:** previous  recommendation not followed  ; " suggest tapering and start tx with duloxetine " | | |
| **Central Office Physician:** Ortiz, Angel MD/SERO Medical Director | Approved | 10/18/2016 |
| **Comments:** previous approval was for taper off and use of formulary option duloxetine will extend 1 more month to allow transition to formulary option | | |

EXHIBIT 2

**Use Criteria:**

| Y | N | N/A | |
|---|---|---|---|
| X | | | 1. Approved for neuropathic pain after failure of duloxetine, plus at least one other medication form the tricyclic antidepressant or antiepileptic categories. |
| | X | | 2. Functional status must be documented.  If renewal request, the request must indicate that the inmate's functional status has improved with use of gabapentin. |
| | X | | 3. Not approved for use in seizures or mental health disorders. |

## ADMINISTRATIVE REMEDY INFORMAL RESOLUTION FORM

**INSTRUCTIONS:**

When you are unable to informally resolve the inmate's complaint, complete and attach this report to each BP-9. The BP-9 will not be accepted without this form.

| Inmate Name: CURTIS LEE SMITH | | Reg. No. 19000-424 |
|---|---|---|
| *Curtis Lee Smith* | Date | Staff Signature |
| Form **Requested** by inmate: | 12/02/2016 | |
| Form **Provided** to inmate: | 12/02/2016 | |

Inmate's complaint: On November 17, 2016, USP-ATLANTA's medical staff Nurse had illegally charged a $2.00 co-pay for clinic visit to get my chronic care medication Gabapentin 600 mg. re-filled. Medical staff Nurse refused to perform her duty, by following proper procedure by calling Dr. Martin, so he could authorize re-fill of said medication. Nurse told me that Regional Director Sero, had want her to discontinue my Gabapentin 600 mg. medication. NOTICE: Regional Director is not a nurosugoen doctor. Therefore, he/she do not have the authority to stop medication that I need to relieve some of my nerve damage pain and suffering.

Action taken to informally resolve complaint:

| INFORMAL RESOLUTION ACCEPTED BY: | Date: |
|---|---|
| Inmate's Signature: *Notice: Defendant(s) failed to* | Date: |
| Inmate Name (Printed): *Respond to this Resolution Form.* | |
| Staff's Signature: | Date |
| Staff Name and Title (Printed): | |

| INFORMAL RESOLUTION REJECTED BY: | Date: |
|---|---|
| Inmate's Signature: | Date: |
| Inmate's Name (Printed): | |
| Staff Signature: | Date: |
| Staff Name and Title (Printed): | |
| Date BP-9 Provided to Inmate: | EXHIBIT 3 |

Original:    Unit Manager (when resolution is accepted) or
             Forward with BP-9 (when resolution is not accepted)

TRULINCS 19000424 - SMITH, CURTIS - Unit: ATL-B-A

----------------------------------------------------------------------------------------------------

FROM: Health Services
TO: 19000424
SUBJECT: RE:***Inmate to Staff Message***
DATE: 10/14/2016 01:47:03 PM

A review of your medical records, your non-formulary medication Gabapentin is approved till 10/5/2016. If you have any concerns regarding this medication or other conditions, you may report to sick call to discuss with the provider.

^!CURTIS" <19000424@inmatemessage.com> 10/14/2016 2:02 PM >>>
To: Ms. Simmon
Inmate Work Assignment: stadium

I would like to receive information, regarding: Re-fill of gabapentin medication?

        I have been without gabapentin medication since October 7, 2016. I need that medication for my  nerve damaged spinal
column. The shooting nerve pain in my legs and feet - is making it very difficult for me to walk. And the shooting nerve pain in my arm and hands is causing me great discomfort.

        I have a bullet in between my number two vertebra in my spinal column.

EXHIBIT 4

TRULINCS  19000424 - SMITH, CURTIS - Unit: ATL-B-A

-----------------------------------------------------------------------------------------------

FROM: Health Services
TO: 19000424
SUBJECT: RE:***Inmate to Staff Message***
DATE: 12/07/2016 09:02:02 AM

You are perfectly within your rights to do so.

>>> ~^!"SMITH, ~^!CURTIS" <19000424@inmatemessage.com> 12/6/2016 9:50 AM >>>
To: Ms. Simmon
Inmate Work Assignment: stadium

On 10/14/2016, USP-Atlanta chief Pharmacist, Mr. Holt, took action to discontinue my gabapentin 600mg medication, without probable cause. I was not even given medical examination prior to his deliberate indifferent action.

On 10/17/2016 USP-ATLANTA, clinical director, Mr. Martin, took aaction to discontinue my Gabapentin 600mg medication without probable cause. I was not even given medical examination prior to his deliberate indifference action.

On 10/17/2016, Regional Chief Pharmacist, Mr. Galindo, tood action to discontinue my Gabapentin 600mg med. without probable cause. I have never been examined , nor, seen by this person prior to his deliberate indiffence action.

On 10/18/2016, central Office Physician, Ortiz, Angel  MD/SERO Medical Director, took action to approve the aforementioned person(s) actions to discontinue my Gabapentin 600mg medication, without even knowing the facts that I was never given a medical examination, in order to determine whether the Gabapentin 600mg medication was aiding in given me relief from some of my pain and suffering in my arms, hands, neck, legs, feet, and upper and lower back. My pain and suffer is a direct result on never damage. Mr. Sero, discontinued my Gabapentin 600mg med. without probable cuase. Due be avised, I will be filing civil action law suit against all of the above, aforementioned person(s)

EXHIBIT 5

TRULINCS 19000424 - SMITH, CURTIS - Unit: ATL-B-A

-----------------------------------------------------------------------------------------------------------

FROM: 19000424
TO: Health Services
SUBJECT: ***Request to Staff*** SMITH, CURTIS, Reg# 19000424, ATL-B-A
DATE: 01/19/2017 02:13:33 PM

To: Stanley Coleman-
Inmate Work Assignment: Stadium

Mr. Coleman,

my name is Curtis Lee Smith, I was previously seen by you on January 5, 2017, regarding the extreme pain and suffering that I am in... You told me that you were going to proscribe a 'new' medication for me to try-out, to replace the Gabapentin (neurontin) medication, was illegally discontinued by, the defendant(s) Angel Ortiz-MD/SERO medical director; Carmen Galindo-RPh Regional Chief Pharmacist; D. Martin- MD/CD; and Walter Holt- PharmD.

   Mr. Coleman, do be advised, that this is the second time that I have had a clinical visit with you, and that you have not provided me with the medication(s) , that you said, that you had prescribed for me. But, however, you still have not sent to the USP-ATLANTA's formulary. I am still in extreme pain and suffering. I had trusted you. but, this is the second time that you have misled me... You had went through the motions, like you was placing my medical treatment needs into your computer, on two different occasion(s)! Now I see, you had tricked me. Now, I am compel, to file a formal ("BP-8, BP-9, BP-10, and BP-11) against you. Thereafter, I will file "Bivens" action, 42 U.S.C. Section 1983, law suit against you. Because, it is 'plain' and 'clear' that you don't care, and or, you don't have any regards, as to the pain and suffering that I am in!

EXHIBIT 6

**U.S. DEPARTMENT OF JUSTICE**                                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | SMITH, CURTIS LEE | 19000-424 | B1-133 | USP-ATLANTA |
|---|---|---|---|---|
| | **LAST NAME, FIRST, MIDDLE INITIAL** | **REG. NO.** | **UNIT** | **INSTITUTION** |

**Part A- INMATE REQUEST**: that an investigation be done on institutional Chief Pharmacist, Walter Holt; and Institutional Clinical Director: D. Martin, based upon fact, that they showed deliberate indifference, because they took action to discontinue my Gabapentin medication without probable cause to do so. Niether, Holt or Martin, had given Mr. Smith a medical examination prior to their decision to ["cut-off"] his Neurontin medication, beforehand.

Mr. Holt and Dr. Martin, were in a conspiracy with the Central Office Pharmacist: Carmen Galindo, and Central Office Physican: Angel Ortiz, Medical Director, to deprive deprive Mr. Smith of the effective ["Gabapentin"] neurontin medication, which was used to decrease some of his pain and suffering, that is a result of nerve damage, due to bullet in his spinal column.

NOTICE: Mr. Smith claim, that the Neurontin medication was effective at controlling 60 percent of the nerve pain in his arms, hands, legs and his neck. Mr. Smith, did not agree to have his medication "tapered-off".

In addition, the Institutional Clinical Administrator, Ms. Hollinger, told Mr. Smith, tha the order to ['cut-off'] his Gabapentin medication came from ["the top"], that the Regional Chief Pharmacist Carmen Galindo, and Central Office Medical Director, Angel Ortiz, had given the order to discontinue Mr. Smith's neurontin medication. Note: Mr. Smith, was not given any a medical examination, prior to the aforementioned person(s) ordered that his medication be cut-off, and or tapered...   January 6, 2017

| _____ | _____ |
|---|---|
| **DATE** | **SIGNATURE OF REQUESTER** |

**Part B- RESPONSE**

EXHIBIT 7

| _____ | _____ |
|---|---|
| **DATE** | **WARDEN OR REGIONAL DIRECTOR** |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE**                   CASE NUMBER: 889970-FA

---

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
           **LAST NAME, FIRST, MIDDLE INITIAL**    **REG. NO.**    **UNIT**    **INSTITUTION**

SUBJECT: _____

| _____ |  ⊛  | _____ |
|---|---|---|
| **DATE** | | **RECIPIENT'S SIGNATURE (STAFF MEMBER)** |

BP-229(13)
APRIL 1982

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JANUARY 31, 2017


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      ATLANTA USP

TO  : CURTIS SMITH, 19000-424
      ATLANTA USP    UNT: B UNIT    QTR: B01-133L
      601 MCDONOUGH BLVD SE
      ATLANTA,  GA 30315


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID      : 889970-F1      ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED  : JANUARY 26, 2017
SUBJECT 1      : PRESCRIPTIONS, MEDICATION
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REMARKS        : YOU DID NOT ATTEMPT TO INFORMALLY RESOLVE THIS ISSUE

EXHIBIT 8

**April 13, 2018**

**Warden Harmon's Notification - disruptive and Assaultive behavior**

Over the past few weeks, there has been an increase in staff threats and/or minor assaults. The majority of the time was drugs related (high on k2) or retreating from staff during the apprehension of contraband, (i.e., cell phones, drugs, weapons). You are being placed on notice that these types of behaviors will not be tolerated. It is never okay to put your hands on staff in any manner. Being high is not an excuse, you know exactly what behaviors are affiliated with this illegal substance. It does not go unnoticed when inmates take the correct actions in curbing these activities. The following are consequences for disruptive and assaultive inmate behavior and will be pursued to the fullest when instances of staff assaults, intimidation, or serious threats occur:

- AUSA and FBI will be notified and solicited for prosecution under federal law;

- Special Management Unit("SMU") recommendations will be submitted for all inmates sanctioned for an assault on Bureau staff;

- A great security transfer will be effectuated immediately and you will be transferred to a United States Penitentiary.

The United States Penitentiary Atlanta, has a zero tolerance policy for all the aforementioned inmate behaviors. Additionally, these future behaviors will result in privileges being reviewed and/or restricted. I hope this massage is received loud and clear as I am very passionate about this issue.

**Exhibit #9**

December 26, 2018

**Warden Harmon's Notification — Disruptive and Assaultive Behavior**

On December 31, 2018, USP_Atlanta is being placed under the following

restriction :   **No visiting**

**No commissary**

**No telephone   (January 03, 2019 forward),**

inmates here been told repetitively the expectations.  However, you continue to

break the rules, bring contraband inside the institution, and display aggreesive

behaviors towards staff. Once again, a large amount of cigarettes, cell phones,

drugs and weapons have been found inside the secure facility. The restrictions

are the result of your continued and blatant disregard for the saf :ty and security

measures that are in place for the overall safety of all inmates housed at the

USP—ATLANTA. The lenght of the restrictions are relative to inmates behaviors

and cooperation. These restriction will remain in effect until these types of

negative behaviors cease for an acceptable amount of time!!

If  you have any information, please contact Lieutenants, unit team,  SIS

or Psychology.

**<u>Exhibit #10</u>**

January 22, 2018

**Warden Wood's – Notification – Disruptive and Assaultive Behavior**

Mempramdum for Inmate Population:

From: G. Jones, Trust Fund Superv017.

Subject: OTC, Hygiene, Stamps (1 book/20 stamps singles)

**Please be advised:** inmates can only purchase the following items:
OTC, hygiene, stamps, writing paper, typing paper, pens, envelopes, typing ribbon,
copy card, shower shoes, glasses, pad lock. All items will be limited to **one**
**(1–each)** and the **soap will be a total of 3.**

The following items **["will not"]** be permitted for purchase this week:
**No** Food – drink items, batteries, clothes, MP3, radio, watch, bowls–cup,
sneakers – boots, greeting cards, SPO.

The following schedule will apply:
On Wednesday, January 23, 1019, D. House(Unit) will shop first approximately
6:30 a.m., or when the call  is made over the system, Housing Unit **B1**, and **B2**
will shop after the noon mainline. The call will be made over the system.

On Thurday, January 24, 2019, approximately 8:00 a.m., or when the call is
made over the system. All, A2 and A3 will shop in that order. After A1 is complete,
A2 will shop, etc.

Only one unit will shop at a time.
There will be no make up for commissary on friday.

**Exhibit #11**

## ADMINISTRATIVE REMEDY INFORMAL RESOLUTION FORM

**INSTRUCTIONS:**
When you are unable to informally resolve the inmate's complaint, complete and attach this report to each BP-9. The BP-9 will not be accepted without this form.

| Inmate Name: | | | Reg. No. | |
|---|---|---|---|---|
| | | Date | Staff Signature | |
| Form **Requested** by inmate: | | 8/3/18 | *K. Hamilton* | |
| Form **Provided** to inmate: | | 8/3/18 | *K. Hamilton* | |

**nmate's complaint:** that Officer Dawson's inaction, by not ordering the inmate Bobby Pringle, BOP. eg.No. 13705-104, to move out of **["Triple Stacked bunk bed"]** B1-132, **lowest bunk bed** on or about, ecember 21, 2017, is a direct cause of Plaintiff Curtis Lee Smith's injuries that happened when e was getting out of **["upper middle bunk bed"]...** Note: Plaintiff Mr. Smith was legally assigned o the **["Lowest bunk bed B1-132"].** Therefore, Officer Dawson should not have never ordered Mr. mith to move out of bunk bed, into the **upper middle bunk bed B1-932** within the same cell. Here, fr. Smith's **medical duty status sheet** orders are that Mr. Smith is to be housed in a cell bed that equires **["no climbing – no ladders"].** Officer Dawson's action cause Mr. Smith to fall down off th adder while he was getting down – out of the middle upper bunk bed. Plaintiff Smith suffered pain rom injuries to his right hand, right elbow, and lower back spinal area, as well. (see **Inmate's** allout for December 21, 2017, the evidence shows that Mr. Smith was assigned to **Lowest bunk bed.**) herefore, defendant Dawson should not have **changed** Mr. Smith bunk bed, in the first instant.

**Action taken to informally resolve complaint:** (see also, attached filed BP-9, #939059-FI

| INFORMAL RESOLUTION ACCEPTED BY: | Date: |
|---|---|
| Inmate's Signature: | Date: |
| Inmate Name (Printed): | |
| Staff's Signature: | Date |
| Staff Name and Title (Printed): | |

| INFORMAL RESOLUTION REJECTED BY: | Date: |
|---|---|
| Inmate's Signature: | Date: |
| Inmate's Name (Printed): | |
| Staff Signature: | Date: |
| Staff Name and Title (Printed): | |
| Date BP-9 Provided to Inmate: | |

Original:   Unit Manager (when resolution is accepted) or
            Forward with BP-9 (when resolution is not accepted)
Copy:       To inmate

Exhibit #12

```
ATLL9          *              ATLANTA USP            *        12-20-2017
PAGE 003                                                      18:40:43
                            UNTG NE *Q**
REG NO      NAME        FROM     TO          TIME   CATEGORY(2)   CATEGORY(3)

CALLOUTS    FOR   12-21-2017                        WRK ASGN      QTR ASGN
---------------------------
```

| REG NO | NAME | FROM | TO | TIME | CATEGORY(2) | CATEGORY(3) |
|--------|------|------|-----|------|-------------|-------------|
| 45774-074 | ISAAC | | B-3 TEAM | 1300 | PAINT | B01-115U |
| | | | HOSP PHY 4 | 0800 | PAINT | B01-115U |
| 07082-017 | JACKSON | | B-3 TEAM | 1300 | CMPOUND AM | B01-905L |
| 43360-019 | JACKSON | | HOSP PHY 3 | 1300 | AM KITCHEN | B04-434U |
| 52642-037 | JIMENEZ | | DEN HYG 2 | 0800 | STAD AM | D02-212U |
| 13348-084 | JONES | | DEN HYG 1 | 1200 | STAD AM | D02-223U |
| 24203-111 | JONES | | HOSP A&O | 1000 | DCU UNASSG | J03-330L |
| 32410-001 | LAMPKIN | | HOSP A&O | 0630 | A/O | A01-929L |
| 40590-018 | LAWSON | | HOSP A&O | 1000 | DCU UNASSG | J04-415L |
| 48402-074 | LAWTON | | HOSP PHY 4 | 1100 | PLUMB 2 | D04-422L |
| 22893-076 | LONG | | HOSP OPTOM | 0730 | R COR | A02-208L |
| 97894-020 | MADISON | | HOSP OPTOM | 0830 | STAD AM | D02-216L |
| 11963-280 | MALDONADO- | | HOSP PHY 3 | 1200 | A/O | B01-145L |
| 70956-019 | MALDONADO- | | A 4 TEAM | 1300 | A/O | A01-935L |
| 66445-019 | MARTIN | | HOSP MLP 2 | 0800 | HEALTH SVC | D01-124L |
| 34777-001 | MATHEWS | | R&D PACK | 0730 | A/C | B04-419U |
| 21465-084 | MATTOX | | HOSP A&O | 1000 | DCU UNASSG | J03-343L |
| 09540-003 | MERRILL | | HOSP MLP 2 | 0800 | B-2 ORD | B04-445U |
| 85113-020 | MOOREHEAD | | HOSP PHY 3 | 1100 | A/O | B04-431U |
| 43017-061 | MORGAN | | B-3 TEAM | 1300 | A/O | B01-117L |
| | | | HOSP MLP 7 | 1000 | A/O | B01-117L |
| 14718-056 | MORSLEY | | MED REC | 1200 | STAD WKND | A05-537L |
| 38625-179 | MUNOZ-BURG | | DEN HYG 2 | 0830 | AM KITCHEN | D04-422U |
| 31740-001 | MURRAY | | CHAPEL | 1300 | PLUMB 2 | A03-314U |
| 99922-011 | NAVEY | | MED REC | 1200 | SHU UNASSG | Z01-130UAD |
| 18003-074 | NEAL | | HOSP PHY 4 | 1000 | A/C | A01-919L |
| 29776-001 | ODEN | | R&D PROP | 0700 | ELECT 2 | A05-542U |
| 66918-019 | OWENS | | HOSP PHY 4 | 0900 | PLUMB | A04-443U |
| 61744-019 | PATTEN | | HOSP PHY 4 | 1100 | PM DINE RM | D02-219U |
| 57935-380 | RODRIGUEZ- | | HOSP A&O | 1000 | DCU II ORD | J03-345L |
| 41572-069 | ROSARIO-LO | | DEN HYG 1 | 1000 | CMPOUND AM | A06-619L |
| 68229-379 | SANCHEZ-RO | | A 4 TEAM | 1300 | A/O | A01-911L |
| 50366-004 | SANTORIELL | | HOSP A&O | 1000 | DCU UNASSG | J02-224U |
| 58293-019 | SAPP | | HOSP MLP 2 | 1200 | DRAPERY/1 | D05-522U |
| 08776-088 | SMITH | | HOSP MLP 2 | 0800 | LAUNDRY | B01-942L |
| 19000-424 | SMITH | | HOSP MLP 2 | 1000 | UNASSG | B01-132L |
| 56201-019 | SMITH | | MED REC | 1200 | CMPOUND PM | A01-132U |
| 56866-007 | SMITH | | MED REC | 1200 | STAD AM | A05-521U |
| 43923-074 | SPENCER | | CHAPEL | 1300 | PM DINE RM | D03-318U |
| 70640-019 | STRAND | | DEN HYG 1 | 1200 | AM DINE RM | A01-912L |
| 59768-019 | TANTURRI | | B-3 TEAM | 1300 | PM COOK | B04-409L |
| 27074-171 | TAYLOR | | HOSP PHY 4 | 0900 | A/O | A01-114U |
| 31650-069 | TORRES-VEL | | MED REC | 1200 | SMH PGM 1 | M01-116L |
| 21106-479 | VARELA-CAR | | B-3 TEAM | 1300 | SHU UNASSG | J02-247U |
| 99597-020 | WALDROP | | HOSP PHY 4 | 0900 | AM KITCHEN | A02-203U |
| 55306-060 | WALKER | | HOSP A&O | 1000 | DCU UNASSG | J03-303L |

```
G0002       MORE PAGES TO FOLLOW . . .
```

Exhibit #13

```
  ATLLE         *              ATLANTA USP              *        01-21-2018
  PAGE 003 OF 003                                                18:45:28
                               UNTG NE *Q**

  REG NO      NAME         FROM      TO         TIME   CATEGORY(2)   CATEGORY(3)

  CALLOUTS   FOR  01-22-2018                           WRK ASGN      QTR ASGN
  -------------------------
  66713-019  OGLETREE           DEN HYG 2    0730   CMPOUND AM    A05-503U
  40731-074  PAIGE              HOSP PHY 3   1300   STAD AM       B01-115L
  16858-003  PATTERSON          HOSP A&O     0800   DCU UNASSG    J04-401U
  55023-018  PAULK              HOSP PSYCH   0630   AM KITCHEN    A03-316L
  65789-019  PEACE              HOSP PSYCH   0630   D-2 ORD       D03-320U
  12650-002  PENDLETON          DEN HYG 1    0800   PLUMB 2       A03-318U
  31627-001  PERRY              DEN HYG 1    1200   DRAPERY/1     D02-221U
  20714-014  PIERCE             HOSP PHY 4   1000   LAUNDRY       D01-125U
  17979-069  PINA-URENA         DEN HYG 1    1000   B-2 ORD       B03-324L
                                HOSP PHY 3   1100   B-2 ORD       B03-324L
  40999-074  REID               HOSP PSYCH   0800   CMPOUND AM    A01-128L
  22558-171  RICHARDSON         PSY CURRY    1000   LAUNDRY       B02-243L
  26675-044  ROSS               HOSP A&O     0800   DCU UNASSG    J04-427L
  32329-160  ROWE               HOSP A&O     0800   DCU UNASSG    J04-460L
  48323-074  SAINT              HOSP A&O     0800   DCU UNASSG    J04-402U
  62493-066  SANDERS            HOSP LAB     0800   COMMISSARY    D02-207L
  58293-019  SAPP               HOSP LAB     0800   DRAPERY/1     D05-522U
  33720-034  SCOTT              PSY CURRY    1000   STAD PM       B04-443U
  51318-056  SMALL              HOSP LAB     0900   AM KITCHEN    D02-224U
  19000-424  SMITH              HOSP X-RAY   1200   LAUNDRY       B01-114L
  38816-179  SMITH              HOSP LAB     0900   STAD AM       D01-108U
  87857-020  SMITH              HOSP PHY 4   0800   A-2 ORD       D02-221L
  43923-074  SPENCER            HOSP LAB     0900   AM DINE RM    D04-421U
  59041-056  STANLEY            HOSP PHY 4   1000   STAD WKND     A03-336U
  34261-183  TAYLOR             PSY CURRY    1000   B-1 ORD       B01-140L
  13657-089  TUNDIDOR           HOSP LAB     0800   STAD AM       D01-121U
  99107-011  VALENZUELA         HOSP PHY 4   1000   MATT QUILT    D05-518U
  11005-003  WALKER             HOSP LAB     0800   DRAPERY/1     D01-118L
  41111-086  WEAVER             CHAPEL       1230   PM KITCHEN    A04-444U
  21977-021  WILLIAMS           HOSP A&O     0800   DCU UNASSG    J04-420L
  23211-017  WILLIAMS           CHAPEL       1230   CHAPEL        D02-223L
  28871-001  WILSON             CHAPEL       1230   CMPOUND AM    A02-240U
  10773-021  WRIGHT             DEN HYG 2    0800   UNASSG        B04-446U
```

```
  G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

Exhibit #14

TRULINCS  19000424 - SMITH, CURTIS - Unit: ATL-B-A

---------------------------------------------------------------------------------------------------------

FROM: 19000424
TO: Health Services
SUBJECT: ***Request to Staff*** SMITH, CURTIS, Reg# 19000424, ATL-B-A
DATE: 03/15/2018 07:48:37 AM

To: Dr. Martin
Inmate Work Assignment: compoound a.m

Dr. Martin,
    I am still in extreme pain and suffering, coming from my injured right elbow, and my lower back spinal column area. The pain medication is not working yet. I would like to make an appointment with you. Thank you.

Exhibit #15

`RULINCS  19000424 - SMITH, CURTIS - Unit: ATL-B-A

---------------------------------------------------------------------------------------------------

`ROM: 19000424
`O: Health Services
;UBJECT: ***Request to Staff*** SMITH, CURTIS, Reg# 19000424, ATL-B-A
)ATE: 03/20/2018 06:47:51 AM

`o: Dr. Martin
`nmate Work Assignment: compoound a.m

)r. Martin,
  I was at your office yesterday on March 19, 2018, I was sitting on that wooden bench to long and it just made my lower back
.pinal column pain and suffering worse. I am in pain and suffering from my still hurting right elbow, as well. What was the result
if my X-ray on elbow?? Please, increase med. Thank you.
----Health Services on 3/15/2018 4:47 PM wrote:

`
eport to sick call.....

·>> ~^!"SMITH, ~^!CURTIS" <19000424@inmatemessage.com> 3/15/2018 8:48 AM >>>
`o: Dr. Martin
`nmate Work Assignment: compoound a.m

)r. Martin,
       I am still in extreme pain and suffering, coming from my injured right elbow, and my lower back spinal column area.
`he pain medication is not working yet. I would like to make an appointment with you. Thank you.

Exhibit #16

RULINCS  19000424 - SMITH, CURTIS - Unit: ATL-B-A

--------------------------------------------------------------------------------------------------

FROM: 19000424
TO: Health Services
SUBJECT: ***Request to Staff*** SMITH, CURTIS, Reg# 19000424, ATL-B-A
DATE: 05/01/2018 06:26:53 AM

To: Ms. Hollinger
Inmate Work Assignment: Compound a.m

Dear Ms. Hollinger
    Medical staff have been charging $2.00 co-pay, each time that I visited medical sick call, regarding my chronic suffering and
pain matters.  Ms. Hollinger, on or about, April 13, 2018, Officer Holley, with deliberate indifference, took all three of my
9-volt batteries, even after I having showed him my medical profile status sheet, showing that the batteries was for my medical
TENS-unit.  The three batteries still had the medical tape and medical supply replacement sheet , still on it. On Monday, April
29, 2018, I, Curtis Smith, told  Office Holley, to give me those batteries back,  in order for me to get replacement supply
batteries. Officer Holley, refused to return the batteries, and then he told me to get out of his face, or he would send me to the
SHU.

**EXHIBIT #17**

## ADMINISTRATIVE REMEDY INFORMAL RESOLUTION FORM

**INSTRUCTIONS:**

When you are unable to informally resolve the inmate's complaint, complete and attach this report to each BP-9. The BP-9 will not be accepted without this form.

| Inmate Name: Curtis Lee Smith | | Reg. No. 19000-424 |
|---|---|---|
| | Date | Staff Signature |
| Form **Requested** by inmate: | 8/3/18 | /C. Houston |
| Form **Provided** to inmate: | 8/3/18 | /C. Houston |

**Inmate's complaint:** that on August 3, 2018, Correctional Officer Holley, **retaliated** against Plaintiff Mr. Smith, by **Opening – up** Mr. Smith's **Legal – out – going – mail brown envelope**, then he removed the legal mail from the envelope, and then Officer Holley **tore–up** the brown legal mail envelope, even while Plaintiff Mr. Smith having told Officer Holley that he needed that legal mail envelope to send in his Fed.R.Civ.P. **Rule 60(b)(6) motion** to the Seventh Circuit Court of Appeals. **Note:** There is evidence in the record that 'plainly' and 'clearly' show that Officer Holley have been actually retaliating against Plaintiff Smith, since **November Of 2017**, by depriving Mr. Smith of adequate time, and opportunity to access the **Law Libruary**. (see, Plaintiff Smith's accompanying previously filed **BP-9**, Remedy Id. # 940327-F1. Administrative Remedy Request). **Notice:** Officer Holley, specially says: that the Warden or the Lieutenant can't tell him how to run his rear quarter, and that he would always make the Law Library the move last."

**Action taken to informally resolve complaint:** Staff are authorized to Search and inspect, legal mail. However, they cannot read legal mail.

| INFORMAL RESOLUTION ACCEPTED BY: | Date: August 16 2018 |
|---|---|
| Inmate's Signature: Curtis Lee Smith | Date: Aug 16 2018 |
| Inmate Name (Printed): Curtis Lee Smith | |
| Staff's Signature: /C. Houston | Date 9-4-18 |
| Staff Name and Title (Printed): /C. Houston | |

| INFORMAL RESOLUTION REJECTED BY: | Date: October 29, 2018 |
|---|---|
| Inmate's Signature: Curtis Lee Smith | Date: October 29 2018 |
| Inmate's Name (Printed): Curtis Lee Smith | |
| Staff Signature: | Date: |
| Staff Name and Title (Printed): | |
| Date BP-9 Provided to Inmate: | |

**EXHIBIT #18**

Original:    Unit Manager (when resolution is accepted)  or
            Forward with BP-9 (when resolution is not accepted)
Copy:       To Inmate

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Smith Curtis Lee   19000-424   B1-114   USP-Atlanta

LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST** ① Stop Defendant Officer Holley from violating Plaintiff Smith's First and Fifth Amendment Rights, as incorporated by the Fourteenth Amendment – as to Freedom of speech and Due process to properly access the Courts-via- the Prison's Law Library – Since the Defendant Holley have been working the Rear Quarter door for the prior 4 or 5-months, he have been denying Plaintiff Smith, adequate time or opportunity to access the Prison's Law Library. On Monday, April 16, 2018 – defendant Holley told Plaintiff Smith that he "was going to take such action to stop Plaintiff from going to the Law Library because was going to lock him up in the [SHU"] – Defendant Holley told, Inmate Smith "to report back to your unit!" Inmate Smith, stated; "Say Holley the Lieutenant told you to tell yourself that it was Okay for him to go to Law Library, because he have just called the Law Library and heard himself. Defendant Holley told Inmate Smith "I don't care what the Lieutenant said – Smith go back to your unit, or I'm going to send you to the "SHU". Here, there is a greater evidence in the record that show and proves by the preponderance of the evidence that defendant Holley has been and still is violating Plaintiff Smith's Prisoner's Constitutional Rights to access the prison's Law Library.

April 18, 2018                    Curtis Lee Smith

DATE                              SIGNATURE OF REQUESTER

**Part B– RESPONSE**

**EXHIBIT #19**

DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**            CASE NUMBER: 940327-F2

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

**PART B-RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY NO. 940327-F2**

This is in response to your Request for Administrative Remedy, receipted May 14, 2018, wherein you allege staff are violating your rights by reading your legal mail and depriving you of access to the law library.

A review of this matter revealed, that staff are authorized to search and inspect legal mail. However, they can't read it. It has been deemed that staff followed policy in reference to your legal mail. On the matter of law library, as a general population inmate, you are free to access the law library during the appropriate hours, as long as you aren't scheduled on a call-out or work. Then you are considered out of bounds.

Accordingly, your Request for Administrative Remedy is for informational purposes only. If dissatisfied with this response, you may appeal on the appropriate form (Regional Administrative Remedy Appeal/BP-10) within 20 calendar days of the date of this response to the Southeast Regional Director, at 3800 Camp Creek Parkway, SW, Building 2000 Atlanta, Georgia 30331-6226.

D. J. Harmon, Warden

Date 10/17/2018

EXHIBIT #20



REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 12, 2016

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : CURTIS SMITH, 19000-424
      ATLANTA USP     UNT: B UNIT     QTR: B01-133L
      601 MCDONOUGH BLVD SE
      ATLANTA,  GA 30315

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID     : 854883-A1       CENTRAL OFFICE APPEAL
DATE RECEIVED : JUNE 8, 2016
SUBJECT 1     : ADMINISTRATIVE REMEDY PROCEDURES
SUBJECT 2     :
INCIDENT RPT NO:

REJECT REASON 1: YOU DID NOT PROVIDE A COPY OF YOUR   INSTITUTION
                ADMINISTRATIVE REMEDY REQUEST (BP-9) FORM OR   A COPY
                OF THE (BP-09) RESPONSE FROM THE WARDEN.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

**EXHIBIT #21**

**U.S. Department of Justice**

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attach-ments must be submitted with this appeal.

From: _Smith    Curtis    Lee_    _19000-424_    _B1-133_    _USP-Atlanta_
       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

Part A—REASON FOR APPEAL   Regional Director, SERO failed and or Refused to
Return any of the (4 page -Carbonized) BP-9 Administrative Remedy
Appeal "854883-F1", with his Regional administrative Remedy Appeal
No. 854883-R1.'s Part B- Response. Mr. SERO is part of a conspiracy
with person(s) here a USP-Atlanta. Because he did not return the
BP-9's Carbonized pages. to the Plaintiff, Curtis Lee Smith.
Mr. Sero, is in a conspiracy with Mr. Cordona, Ms Tolbert and other
Unknown-Named Person(s) to violate Mr. Smith's due process to exhaust
his Administrative Remedy. Mr. Sero, and his/her co-conspirators is
in Violation of the First Amendment to the Constitution of the
United States; by depriving Mr. Smith of BP-9's carbonized form.
_May 27, 2016_                              _Curtis Lee Smith_
DATE                                        SIGNATURE OF REQUESTER

Part B—RESPONSE

RECEIVED

JUN 0 8 2016

Administrative Remedy Section
Federal Bureau of Prisons

**EXHIBIT #22**

_____                    GENERAL COUNSEL
DATE

ORIGINAL: RETURN TO INMATE              CASE NUMBER: _854883-A1_

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Part C—RECEIPT
                               CASE NUMBER: _____

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION
SUBJECT: _____

_____                    _____
DATE                               SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: _Smith Curtis Lee_ _19000-424_ _B1-133_ _USP-Atlanta_
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**   I am unsatified with Response to Warden Request Part B- Response To Request for Administrative Remedy No. 854883-F1, Because, There is a conspiracy going on here at USP-Atlanta, by the aforementioned Defendants; Cordona, Tolbert and "Unknown Named Person(s) to denied and or deprive me Curtis Lee Smith, Plaintiff, his due process rights to file grievance against Medical staff member(s). The above-mentioned persons have violated My First Amendment Rights - ("Freedom of Speech"). In addition, the Regional Director is part of this ("same") conspiracy - Due be advise I shall be filing Civil Complaint law suit

_____          _Curtis Lee Smith_
DATE _April 24, 2016_          SIGNATURE OF REQUESTER

**Part B - RESPONSE**

APR 29 2016

**EXHIBIT #23**

_5/9/16_
DATE

_____
REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE          CASE NUMBER: _854883-R1_

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____          _____   _____   _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          _____
DATE          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

Regional Administrative Remedy Appeal No. 854883-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted
April 29, 2016. You are appealing the Warden's response to your Institution
Administrative Remedy, wherein you allege a staff conspiracy against you at USP
Atlanta. Additionally, you allege staff violated your First Amendment Right. Although,
you requested no specific relief, you claim you will be filing a Civil Complaint Law Suit.

A review of your allegation determined the Warden's response adequately addressed
the concerns raised in your institution Administrative Remedy. Additionally, information
reveals your allegation of staff conspiracy is unfounded. You have failed to present
any information to substantiate your allegation of your First Amendment Right being
violated. In regards to your Civil Compliant Law Suit, you reserve the right to file a law
suit; however, the outcome of the process will be determined by the courts. I urge you
to continue and work with your unit team for further guidance and assistance.

Accordingly, this Regional Administrative Remedy Appeal is denied. If dissatisfied with
this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320
First Street, NW, Washington, D.C., 20534. Your appeal must be received in the Office
of General Counsel within 30 calendar days of the date of this response.

_____
Date

_____
Regional Director, SERO

**EXHIBIT #24**

*B.11.4*

## ADMINISTRATIVE REMEDY INFORMAL RESOLUTION FORM

INSTRUCTIONS:

When you are unable to informally resolve the inmate's complaint, complete and attach this report to each BP-9. The BP-9 will not be accepted without this form. *Staff must address this Notice. Matter within 5-days*

| Inmate Name: *Curtis Lee Smith* | | Reg. No. *19000-424* |
|---|---|---|
| | Date | Staff Signature |
| Form Requested by inmate: | *6/3/2019* | *K. Houston* |
| Form Provided to inmate: | *6/3/2019* | *K. Houston* |

Inmate's complaint: *Warden Woods, and Assistance Warden V. Moreno, both, have violated Plaintiff Smith's "Fourteenth Amendment "Equal Protection of the law-under Title 15 § 1083(c) 4019.5 "punishment to inmate or group over others actions." because A and D units were not placed on your Illegal Modified Lock-down conditions – Warden you have violated Smith's Eighth Amendment to due process Procedural Rights" because you placed Smith on your illegal Lock-down for crimes that he did not commit. Smith will be filing Civil Law suite against both. – Wardens for violating his Eighth and Fourteenth Amendments of Constitution.*

Action taken to informally resolve complaint:

*Response: The warden has the authority to maintain the security and orderly running of the facility. Which means he can secure or restrict movement or operations for security reasons. K. Houston*

| INFORMAL RESOLUTION ACCEPTED BY: | Date: |
|---|---|
| Inmate's Signature: | Date: |
| Inmate Name (Printed): | |
| Staff's Signature: | Date |
| Staff Name and Title (Printed): | |

| INFORMAL RESOLUTION REJECTED BY: | Date: |
|---|---|
| Inmate's Signature: | Date: |
| Inmate's Name (Printed): | |
| Staff Signature: *K. Houston* | Date: *6/10/19* |
| Staff Name and Title (Printed): *K. Houston* | |
| Date BP-9 Provided to Inmate: *6/10/19* | |

**EXHIBIT #25**

Original:    Unit Manager (when resolution is accepted), or
            Forward with BP-9 (when resolution is not accepted)

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Smith, Curtis Lee | 19000-424 | B1-114 | USP-ATLANTA |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**  **1)** that Warden Wood; Assistance Warden V. Moreno; Officer Holley; Food Supervisor, Officer Hill; Trust Funds Commissary Officer, G. Jones; and any other Unknown Named administrative staff member employees – to stop and to discontinue their ['illegal 2½ years'] straight ["modified lock down"] condition at USP-ATLANTA; 2)Warden Wood and administrative staff members employees, did knowingly and intentionally punish[ed] Plaintiff Smith for over 2½ years, over criminal actions committed by other Unknown Named inmates; 3) Warden Wood and the above afore mentioned Named administrative staff employees did knowingly and intentionally locked Smith in his cell for month['s"] at a time without probable cause; 4) Warden Wood and some of the above afore-mentioned Named administrative staff employees did knowingly, and intentionally punished Smith for the illegal criminal actions of other unknown Named inmates, Warden Wood punished Smith by taking away Smith's visitation privilege, telephone and commissary privileges; 5) Warden Wood, Assist. Warden V. Moreno and the above aforementioned administrative staff employees did violate Smith's Eighth Amendment Rights, because it is [cruel and Unusual Punishment] to take away all of Smith's privileges, based upon the illegal criminal actions of other inmates; 6) Warden Wood and the above aforementioned administrative staff employees did violate Smith's due process rights under the, Fourteenth Amendment – because he was not granted a disciplinary evidentiary hearing prior to him being placed on modified lock down in cell for over 2½ years straight, with all of his privileges being taking away, all based on the illegal criminal action("s") of other inmate's actions. Smith came off modified lock down on August 1, 2019.

| August 1, 2019 | *Curtis Lee Smith* |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

**EXHIBIT #26**

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**      CASE NUMBER: _____

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

BP-229(13)
APRIL 1982



UNITED STATES GOVERNMENT
# Memorandum
FEDERAL BUREAU OF PRISONS
United States Penitentiary Atlanta
Atlanta, Georgia 30315

May 30, 2019

MEMORANDUM FOR WILLIAM L. WOODS, WARDEN

FROM:              V. Moreno, AW (O)

SUBJECT:           B-Cell Housing Unit Modified Operations


The following modified operation for B-House, is due to an on-
going investigation in reference to an incident in the unit which
interrupted the orderly operation and jeopardized the security of
the institution. This type of behavior will not be tolerated on
the part of any inmate or group of inmates.

Effective May 30, 2019, B-House inmates will consume meals in
their assigned cells. Specifically, meals will be served on
Styrofoam trays. Inmates will be released one range at a time to
retrieve their meal and return in an expeditious manner to their
assigned cell. The unit officer will be responsible for
collecting the trash with designated inmate orderlies.

- On Mondays, Wednesdays and Fridays, from 7:30 AM until 9:30
  AM, the UPPER tier of each B-House Unit will be allowed out
  to shower and utilize the phone.
- On Mondays, Wednesdays and Fridays, from 12:30 PM until 2:30
  PM, the LOWER tier of each B-House Unit will be allowed out
  to shower and utilize the phone.

  o Commissary privileges have been suspended with the
    exception of hygiene items and OTC medications, and
    will resume normal on:   **N/A at this time.**

  o Visiting Privileges have been suspended and will resume
    normal on:   **N/A at this time.**

  o Phone calls have been limited to (7) seven minutes.

**EXHIBIT #27**

If no additional incidents occur, the plan is to bring the unit back to modified operations within (7) days of the issuance of this memorandum. However; if incidents including, but not limited to failure to return to cells, kicking on doors, and disrespect to staff, damaging government property and any other type of disruptive behavior that interferes with the modified operations within the housing unit occur, the normal operation will be delayed.

**Tentative date for resuming modified operations is:**

**Tuesday, June 4, 2019**

As a reminder, to prevent future programming disruptions, inmates are encouraged to call our Crime Stoppers line at (404)730-2243 to report any criminal activity. You can remain anonymous.

**EXHIBIT #28**

2 of 2

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

1. Submit To Appropriate Federal Agency: *Sherree Sturgis, Sherree Sturgis Regional Counsel, Regional Counsel Bureau of Prisons Southeast Regional Office 3800 Camp Creek Parkway, S.W. Building 2000 Atlanta, Georgia 30331-6226*

2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) *Curtis Lee Smith 19000-424 USP-Atlanta P.O. Box 150160 Atlanta, GA 30315*

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | *May 31, 1961* | *N/A* | *January 3, 2018* | *4:00 A.M* |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.) *(In the #939059-F1). Here, Officer Dawson's deliberate indifference action - is a direct c__ of my injuries. Because he failed to order Inmate Bobby Pringle #13705-104 to m___ out of Unit B1-132 Lowest bunk bed that I had been assigned to on Decem___ 19, 2017, when I came to B1-unit. Officer Dawson should have averra ordered me to go to the Upper B1-932 bunk bed - even after I had showed him my medical ___ Restriction sheet where it 'plainly' and 'clearly' says "no climbing" "no ladders" __ a direct result, on January 3, 2018, at or about 4 A.M in the morning I slipped and f__ off the ladder as I was getting out of bed to use the toiklt - which the X-R__ show fractured ~~Elbow~~ Elbow bone and juried lower back spinal colum area.*

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

*N/A*

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

*N/A*

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT. *I suffered in pain from a fractured right Elbow bone, injured right hand, and damage to my chronic pain lower back spinal colum area.*

*Note: Administrative staff still have not responded to BP-8 or BP-9.*

11. *N/A* WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| *N/A* | *N/A* **EXHIBIT #29** |

12. (See instructions on reverse) AMOUNT OF CLAIM (In dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| *N/A* | *$2,000,000.00* | *N/A* | *$ 2,000,000.00 (million)* |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM. *Curtis Lee Smith*

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| *Curtis Lee Smith* | *N/A* | *January 8, 2019* |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## Sick Call Slip

114

Curtis Lee Smith

January 9, 2019

19000 - 424
USP - Atlanta
P.O. Box 150160
Atlanta, Georgia 30315

look out for your name on Called

---

## Medical Complaint

2 weeks
MCP

1.  I am in ["Extreme Pain and Suffering"] ~~becaused~~ by my Chronic arms, [Lower], back, legs, and neck pain. And, in addition (to) my January 3, 2018, injured ["Fractured Elbow"].

2. The Medication and the TENS-unit treatment is not working - I may be in need of surgery!

3. I need a medical pillow, in order to aid in giving Relief to my Neck and lower back spinal Area

Submitted by

**EXHIBIT #30**

Curtis Lee Smith

BP-S148.055     **INMATE REQUEST TO STAFF**     CDFRM

SEP. 98

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

| TO: Mr. Toliver – Unit Manager | DATE: January 9, 2019 |
|---|---|
| FROM: Curtis Lee Smith | REGISTER NO. 19000-424 |
| WORK ASSIGNMENT: Compound – A.M | UNIT: B1 - 114 |

**SUBJECT** : Briefly state your question or concern and the solution you are requesting . Continue on the back , if necessary . Your failure to be specific may result in no action being taken . If necessary , you will be interviewed in order to successfully respond to your request . )

I need ["20 - postage stamps"] in order for me to send my response to the United States Court of Appeals for the Seventh Circuit - for a Rehearing en banc . In addition, I need postage stamps, in order to file my Writ of certiorari to the Unite States Supreme Court . I have ["time sensitive legal-mail"], that I must send out as - soon - as - possible . Thank You .

Note: The Seventh Circuit made its Ruling on Dec. 20, 2018

I have not been able to make commissary - due to Modified lock-down.

( Do not write below this line )

DISPOSITION :

Approved

O. O. Joll
1-10-19

Only Warden
or A.W. Bowers
can authorize !
KPH
1/11/19

**EXHIBIT #31**

| Signature of Staff Member: O. O. Joll | DATE: 1-10-19 |
|---|---|

Record Copy - File ; Copy - Inmate
( This form may be replicated via WP )

This form replaced BP-148.070 dated OCT. 86